22127.  BANK OF WARWICK *et al. v.* FORD *et al.*

DECIDED SEPTEMBER 1, 1932.

*Perry & Tipton,* for plaintiffs in error.
*Forehand & Ford,* contra.

LUKE, J.  In the suit of J. N. Sumner, for the use of E. D. Ford, against Bank of Warwick as principal and W. C. Tipton as surety, for the breach of the condition of a forthcoming bond, a jury awarded a verdict in favor of the plaintiff E. D. Ford, and against the defendants, Bank of Warwick, principal, and W. C. Tipton, surety, for the sum of $75, representing the value of the property involved, and the defendant's motion for a new trial having been overruled, exceptions were taken.

A brief history of the case is necessary to a proper comprehension of the controlling issue.  On October 18, 1921, C. C. Carroll mortgaged to J. B. White Jr. "one pair of black mare mules about 7 and 9 years old."  White transferred this mortgage to E. D. Ford. On February 19, 1923, the sheriff, under mortgage execution in favor of Ford, levied on the 9-year-old mule; the sheriff's entry on the back of the execution being as follows: "I have this day levied the within fi. fa. on the following property, to wit:  One black mare mule 9 years old.  Said property found in possession of C. C. Carroll and levied on as the property of C. C. Carroll to satisfy the within fi. fa."  On February 20, 1923, the estate of Sam Farkas filed a claim to the 9-year-old mule levied on by the sheriff by virtue of the mortgage fi. fa. in favor of Ford and against Carroll. The Farkas claim prevailed, the property being found not subject to the Ford fi. fa.  On March 2, 1923, the sheriff, under the mortgage execution in favor of Ford, levied on the other mule, the sheriff's entry being as follows:  "I have this day levied the within

fi. fa. on the following property, to wit: One black mare mule about 7 years old. Said property found in possession of C. C. Carroll and levied on as his property to satisfy the within fi. fa." On March 7, 1923, the Bank of Warwick filed a claim to the mule last levied on, the claim affidavit of the bank being as follows: "And that a certain black mare mule about 7 years old which has been levied on by E. J. Hancock, deputy sheriff of said county, by virtue of a fi. fa. issued from the city court of Sylvester, said county, in favor of E. D. Ford vs. C. C. Carroll, as the property of C. C. Carroll, is not the property of C. C. Carroll, but is the right and property of deponent [Bank of Warwick, a corporation]." The Bank of Warwick took the mule and gave bond, but later agreed to withdraw its claim, pay the cost, and deliver the mule to Ford, the plaintiff in fi. fa. The bank delivered the mule to Ford, but Ford refused to accept it and sent it back to the bank. Ford then brought suit on the bond signed by the bank and its surety, alleging that the bank and its surety failed to deliver the property described in the bond. The bank answered that it had agreed to "deliver to E. D. Ford the mule which the Bank of Warwick had filed claim to and as set out in said claim, the same being the mule levied on under the fi. fa. of E. D. Ford against C. C. Carroll, and claimed by the Bank of Warwick; and this was done immediately after the agreement was entered into, and, this having been done, the said plaintiff has no cause of action against these defendants;" and further answered "that they yet have said mule on hand, and are now willing and ready to deliver the said mule to the said plaintiff, Dr. E. D. Ford, when called for by him, and now tender said mule to the plaintiff." "It was agreed by the parties in open court that the only issue to be tried was whether or not the claimant, by and through its agents, had delivered to, or tendered to, the plaintiff, E. D. Ford, the property claimed in said affidavit by said Bank of Warwick." It will be noted from the claim affidavit hereinbefore set out that the property claimed by the bank was the property levied on by the sheriff under the Ford fi. fa.; and the uncontradicted evidence shows that the mule delivered and tendered to Ford by the Bank of Warwick was the property levied on by the sheriff under the Ford fi. fa. The property claimed by the Bank of Warwick in its claim affidavit was the second mule "levied on by E. J. Hancock, deputy sheriff of said county, by virtue of fi. fa. issued

from the city court of Sylvester, said county, in favor of E. D. Ford vs. C. C. Carroll, as the property of C. C. Carroll;" and the evidence shows that this second mule so levied on, was the mule delivered to the bank, and was the mule which the bank delivered to Ford as per agreement. Ford's contention was that the Farkas estate had claimed the older of the two mules, that the mule which the bank claimed was the younger of the two, and that the mule which the bank sent to him "was an old mule, had a big leg, . . and was not worth anything." There could be no mistake, under the record, as to which mule the bank filed a claim to, because the first mule was levied on eleven days and claimed by the Farkas estate ten days before the second mule was levied upon. Ford contended that the mule delivered to him "was not the mule I understood I was to get;" but he also testified that the bank "agreed to deliver me the mule which the Bank of Warwick filed claim to," and he doesn't testify that the mule delivered to him was not the mule which the bank had filed claim to, or was not the mule levied on by the sheriff. The legal effect of Ford's testimony is: I will not swear that the bank has failed to deliver the mule which it claimed, or has violated its agreement; but I did not get the mule I thought I was going to get. The evidence shows that Ford's failure to get the younger mule (as described in the original mortgage given by Carroll to White) was due not to the Bank of Warwick, but to Carroll, the original mortgagor, who testified, in substance, that though he had mortgaged to White two mules about 7 and 9 years old in 1921, he had traded off the younger of the two for another mule, and it was the mule which was substituted for the one traded off which was levied on by the sheriff, claimed by the Bank of Warwick, and delivered by the bank to Ford; the older of the pair originally mortgaged (but the younger in the hands of Carroll at the time of the first levy) having been claimed by the Farkas estate ten days before the second levy was made. In other words, it was the mule received by Carroll in his trade, which the sheriff last levied on, which the bank claimed, and which the bank delivered to Ford. The bank agreed to deliver the mule which it had claimed, and this is what the bank did, as shown by the uncontradicted evidence.

There being no evidence to support the verdict of the jury, the court erred in overruling the motion for a new trial.

The only special ground of the motion for a new trial complains that the court, over objection, allowed a certain question addressed to the plaintiff, a witness in his own behalf, as to the value of the mule in question, and admitted his answer that the mule sued for was worth $150. It is urged in support of this ground that the levying officer had certified that the value of the mule levied upon, and claimed by the bank, was $75. At the stage of the trial at which the question and answer were allowed they were admissible, but under the entire evidence and the ruling herein made, evidence as to the value only of the mule levied upon by the officer and claimed by the bank would be admissible.

*Judgment reversed. Broyles, C. J., and Hooper, J., concur.*